UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MAXIMO MORILLO,

                           Appellant,

v.                                                MEMORANDUM
                                                      OPINION AND ORDER
WELLS FARGO BANK, N.A.,
                                                        19-CV-08183 (PMH)

                           Appellee.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

       Appellant Maximo Morillo ("Appellant") appeals from an Order of the Honorable Sean M. Lane, United States Bankruptcy Judge, dated July 30, 2019, which denied Appellant's motion to extend the automatic stay in his second Chapter 13 bankruptcy proceeding (19−22107−shl) (Bankr. Doc. 37, the "Order").[1] For the reasons set forth herein, the Order is AFFIRMED.

## BACKGROUND

       Appellant purports to own certain real estate located at 523 Tinton Avenue, Bronx, New York (the "Property") against which Property Appellee Wells Fargo Bank, N.A. as Trustee ("Appellee") is the holder of a first mortgage (the "Mortgage"). (Bankr. Doc. 12-1). In 2013, a judgment of foreclosure and sale was entered in favor of Appellee and against the grantor of the Mortgage, then-owner Ricardo Garcia. (Bankr. Doc. 12-2). On February 23, 2017, Mr. Garcia executed a deed transferring the Property to Appellant. (Bankr. Doc. 12-3). Despite transferring the Property, on May 22, 2017, Mr. Garcia submitted to Appellee's servicing agent an executed affidavit in connection with a proposed short sale affirming that the Property was owned by him. (Bankr. Doc. 12-4).

---

[1] Citations to the electronic docket in the subject bankruptcy proceeding are referred to herein as "Bankr. Doc.".

1

On September 15, 2017, the February 23, 2017 deed transferring title to Appellant was recorded. (Bankr. Doc. 12-3). Also on September 15, 2017, Appellant filed his first Chapter 13 bankruptcy petition. (Bankr. Doc. 12-6). Prior to Appellant's filing, a foreclosure sale of the property was held and the property was awarded to the successful bidder, Appellee herein. (*See* Bankr. Doc. 12-7). Three days after Appellant's filing, on September 18, 2017, the foreclosure sale was vacated. *Id.*

Appellant listed the Property as his primary residence in his first Chapter 13 petition. (Bankr. Doc. 12-6). His amended Chapter 13 plan in the first bankruptcy proceeding sought to "cram down" the Mortgage (which Mortgage Appellant did not assume) and refinance the Property (Bankr. Doc. 12-8; 53-11 at 6:14-16).[2] Chief Bankruptcy Judge Cecilia G. Morris specifically rejected the plan to "cram down" on the grounds that the Property was Appellant's primary residence, and granted Appellee's objection to confirmation in its entirety. (Bankr. Doc. 12-10; 53-11 at 9:15-25). Appellant's first bankruptcy proceeding was later dismissed on September 12, 2018. (Bankr. Doc. 12-11).

On January 23, 2019, Appellant again filed for Chapter 13 bankruptcy and filed a plan calling for bifurcation of Appellee's foreclosure judgment. (Bankr. Doc. 1, 7). At some time between September 15, 2017 and January 23, 2019, Appellant had purportedly vacated the Property such that it was not listed as his primary residence in his second bankruptcy petition. (Bankr. Doc. 1). On January 30, 2019, Appellant moved to extend the automatic stay beyond the initial 30-day period pursuant to 11 U.S.C. § 362(c)(3)(B). (Bankr. Doc. 11). In February 2019,

---

[2] The Court may take judicial notice of the bankruptcy docket, and documents on the docket not included in Appellant's designation of the record on appeal, including hearing transcripts. Fed. R. Evid. 201; *In re TerreStar Corp.*, No. 12-CV-857, 2013 WL 1767068, at *6, n.6 (S.D.N.Y. Apr. 24, 2013) (citing *Combier–Kapel v. Biegelson,* 242 F. App'x 714, 715 (2d Cir.2007) (approving district court's judicial notice of administrative record, including hearing transcript)).

2

Appellee's servicing agent received more short sale application materials identifying Mr. Garcia as the seller of the Property, and not Appellant. (Bankr. Doc. 18-1). Following protracted motion practice, and three hearings before the Bankruptcy Court, Judge Lane denied Appellant's motion to extend the stay, which Order is the subject of this appeal.

## STANDARD OF REVIEW

District courts have jurisdiction to review "final judgments, orders, and decrees" of bankruptcy courts pursuant to 28 U.S.C. § 158(a)(1). *See Dishi & Sons v. Bay Condos LLC*, 510 B.R. 696, 700 (S.D.N.Y. 2014). Section 158(a)(3) permits appeals of "interlocutory orders and decrees" from the bankruptcy courts "with leave" of the district court. 28 U.S.C. § 158(a)(3). If the district court does not have jurisdiction under either section, the appeal must be dismissed. *In re Quigley Co., Inc.*, 323 B.R. 70, 73 (S.D.N.Y. 2005) (internal citation omitted).

On appeal, a district court reviews a bankruptcy court's findings of fact for clear error and reviews conclusions of law de novo. *In re Bayshore Wire Prods. Corp.,* 209 F.3d 100, 103 (2d Cir. 2000) ("Like the District Court, we review the [b]ankruptcy [c]ourt's findings of fact for clear error, [and] its conclusions of law de novo . . . ." (citation and italics omitted)); *In re Enron Corp.,* 307 B.R. 372, 378 (S.D.N.Y. 2004) ("A bankruptcy court's conclusions of law are reviewed de novo and its findings of fact for clear error." (italics omitted)).

Under the clear error standard, "[t]here is a strong presumption in favor of a [bankruptcy] court's findings of fact if supported by substantial evidence," and a reviewing court will not upset a factual finding "unless [it is] left with the definite and firm conviction that a mistake has been made." *Travellers Int'l A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1574 (2d Cir. 1994) (first alteration in original) (internal quotation marks omitted); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) ("[A] finding is clearly erroneous when although there is evidence

3

to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (internal quotation marks omitted)); *Ceraso v. Motiva Enters., LLC*, 326 F.3d 303, 316 (2d Cir. 2003) (stating that an appellate court should not overturn a trial judge's choice "between permissible competing inferences"). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Travellers Int'l,* 41 F.3d at 1574-75 (internal quotation marks omitted); *see also UFCW Local One Pension Fund v. Enivel Props., LLC*, 791 F.3d 369, 372 (2d Cir. 2015) (same); *In re CBI Holding Co., Inc.,* 419 B.R. 553, 563 (S.D.N.Y. 2009) ("In reviewing findings for clear error, [an appellate court] is not allowed to second-guess . . . the trial court's . . . choice between competing inferences. Even if the appellate court might have weighed the evidence differently, it may not overturn findings that are not clearly erroneous." (alterations in original) (internal quotation marks omitted)).

## **ANALYSIS**

This appeal challenges the Order denying Appellant's motion for an extension of the automatic stay.[3] Generally, after filing a bankruptcy petition, an automatic stay arises pursuant to 11 U.S.C. § 362(a), which, in practice, stops creditors from collecting pre-petition debts from the debtor while the debtor attempts to reorganize. *See In re Abbott*, No. 09–37125, 2010 WL 1780059, at *3 (Bankr. S.D.N.Y. May 4, 2010).

---

[3] The order dismissing the bankruptcy proceeding is the subject of another appeal not before this Court (19-CV-11866-KMK). (*See* Bankr. Doc. 58). Because that appeal is "alive," the instant appeal from an interlocutory order is not mooted by the dismissal of the bankruptcy proceeding by the Bankruptcy Judge. *In re Maidman*, 668 F.2d 682, 684 (2d Cir. 1982) ("But though the bankruptcy case has been dismissed, that dismissal is itself on appeal to the district court. So long as that appeal is alive, this one is not moot."); *cf. Moss v. 245 E. 25th Realty Corp.*, No. 00-B-42097, 2002 WL 31426204, at *1 (S.D.N.Y. Oct. 29, 2002) (debtor failed to appeal order of dismissal); *Moss v. 245 E. 25th Realty Corp.*, No. 02-CV-7555, 2003 WL 256780, at *2 (S.D.N.Y. Feb. 5, 2003) (same). Although it appears from a review of that docket that Appellant has not timely filed his brief on appeal of the dismissal order (*see* Fed. R. Bankr. P. 8018(a)(1)), the appeal cannot be dismissed absent a motion by Appellee or the Court's own motion, after giving notice to Appellant. Fed. R. Bankr. P. 8018(a)(4). In other words, it cannot be said that Appellant's appeal from the dismissal order is no longer "alive" for purposes of the instant appeal.

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act, which was "intended as a comprehensive reform measure to curb abuses and improve fairness in the federal bankruptcy system." *Ct. Bar Ass'n v. United States*, 620 F.3d 81, 85 (2d Cir. 2010). "One such reform—aimed at deterring abuses by serial filers—was the addition of [§§] 362(c)(3) and (4), which prescribe conditions under which the stay under [§] 362(a) either terminates early or does not arise automatically." *In re Weil*, No. 12-CV-462, 2013 WL 1798898, at *2 (D. Conn. Apr. 29, 2013). Subsection (c)(3), the relevant subsection here, provides,

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under [C]hapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . . —
>
> (A) the stay under subsection (a) . . . shall terminate with respect to the debtor on the 30th day after the filing of the later case; [but]
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors . . . only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed[.]

11 U.S.C. § 362(c)(3) (emphasis added). Thus, if the debtor had a bankruptcy case pending within the previous year, the automatic stay will only last for 30 days, as the "case is presumptively filed not in good faith." 11 U.S.C. § 362(c)(3)(C). "The provision was designed to combat the acts of 'serial filers,' who file petitions to stop foreclosure, without reasonable prospects of financial rehabilitation." *In re Abbott*, 2010 WL 1780059, at *4. The debtor may rebut the lack of good faith presumption by "clear and convincing evidence" that the second bankruptcy filing was made in good faith. 11 U.S.C. § 362(c)(3)(C).

The Court finds that that Appellant failed to establish that the subject bankruptcy filing was made in good faith as to Appellee. That finding is one of fact, and therefore this Court finds there was no error, much less clear error, in Judge Lane's factual findings. "Courts have . . . created a

5

test to assess good faith under § 362(c)(3) in the context of a motion to reimpose the automatic stay." *In re Ajunwa*, No. 11-11363, 2012 WL 3820638, at *5 (Bankr. S.D.N.Y. Sept. 4, 2012). "Courts should look to the totality of the circumstances, which include (1) whether the debtor misrepresented facts in the plan; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present." *In re Nath*, No. 15-CV-3694, 2017 WL 1194735, at *4 (S.D.N.Y. Mar. 31, 2017), *aff'd*, 732 F. App'x 81 (2d Cir. 2018) (internal citations omitted); *see In re Ajunwa*, 2012 WL 3820638, at *6; *see also In re Lombardo*, 370 B.R. 506, 511-12 (Bankr. E.D.N.Y. 2007) (listing 14 factors that courts consider in determining whether "there is a lack of good faith in a debtor's bankruptcy filing," including whether "[t]he debtor filed in response to a judgment, pending litigation[,] or collection action").

Applying these factors to this case, it is clear that Appellant failed to establish by clear and convincing evidence that he was acting in good faith in filing his second Chapter 13 petition. Appellant argues that the stay should have been extended because Appellant attended required Court hearings, made required payments, supplied necessary documents, and filed required schedules with the Court. (Doc. 5, "Appellant's Brief" at 7, 9-10). Further, he argues, the second filing was justified by a change in circumstances. *Id*. at 7-8, 10. A finding of good faith, however, is based upon a totality of the circumstances, including Appellant's history of bankruptcy filings and dismissals, and the debtor's intentions with respect to other litigation, such as whether the instant filing was made in response to a judgment. *See In re Nath*, 2017 WL 1194735, at *4. Appellant disregards the facts supporting Judge Lane's Order, including the circumstances concerning Appellant's acquisition of the Property, issues of potential collusion, Appellant's apparent attempt to avoid Judge Morris' prior ruling in the first bankruptcy proceeding, and that

6

the steps taken by Appellant with regard to the Property were "to use a very non-legal term -- very sketchy". (*See*, Bankr. Doc. 52; Doc. 7-2, "Transcript" at 5:17).

Indeed, as Judge Lane concluded in denying the motion to extend the stay:

> I need to find good faith to grant the motion. And I cannot find . . . good faith based on the facts and circumstances; . . . the back and forth with the questions of ownership, which raised real questions about who actually owns it; . . . issues of . . . a potential collusion; . . . Judge Morris's prior ruling which this case does look like an attempt to get around.
>
> And . . . I don't have evidence that of arm's-length dealings, . . . or anything . . . so I can't find good faith. . . [w]hether you could . . . categorically find bad faith, that's an interesting question; maybe I could, maybe I couldn't. But I don't even need to . . . get there . . . because I find it doesn't satisfy the requirement . . . for extending the stay.

*Id*. at 8:18-9:7.

Under these circumstances, Judge Lane's findings of fact are supported by substantial evidence, and on this record, it simply cannot be said that a mistake has been made. Accordingly, the Court affirms the Order of the Bankruptcy Court denying the motion to extend the automatic stay.

## **CONCLUSION**

For the foregoing reasons, the Order of the Bankruptcy Court is AFFIRMED. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED:

Dated: New York, New York
       May 19, 2020

_____
Philip M. Halpern
United States District Judge